# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN L. THOMPSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 6:17-CV-03181-DGK-SSA |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

Plaintiff Stephen L. Thompson ("Plaintiff") petitions for review of an adverse decision by Defendant, the Acting Commissioner of Social Security ("Commissioner"). Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§1381 *et seq*. The Administrative Law Judge ("ALJ") found that Plaintiff retained the residual functional capacity ("RFC") to perform jobs existing in significant numbers in the national economy, such as hand packager and laundry worker.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's decision is supported by substantial evidence. The Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application on June 6, 2014, alleging a disability onset date of August 15, 2013. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing, and on April 22, 2016, found Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for a review on April 17, 2017. Plaintiff

has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. § 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Plaintiff argues the ALJ erred because: (1) the ALJ improperly weighed the medical evidence. After reviewing, the Court finds this argument is without merit.

**I.     The ALJ did not err by giving Dr. Mausmare's opinion little weight.**

Plaintiff argues that the ALJ failed to properly evaluate the evidence in formulating Plaintiff's RFC. An RFC is the most a claimant can do despite the combined effect of all credible limitations. *See* 20 C.F.R. § 404.1545(a)(1). It is the ALJ's responsibility to resolve inconsistencies and make a RFC finding based on all the relevant evidence, including medical records, observation of treating physicians and others, and Plaintiff's own testimony. *See* 20 C.F.R. §§ 416.945 and 416.946. With respect to medical opinion evidence, the determination of a claimant's RFC at the administrative hearing level is the responsibility of an ALJ, and is distinct from a medical source's opinion. *See Kamman v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013).

Here, the ALJ found that Plaintiff maintained the RFC to perform a full range of work at all exertional levels, but limited to simple and routine tasks. R. at 24. Plaintiff argues that the ALJ failed to provide good reasons for giving little weight to the opinion of Plaintiff's treating physician, Usha Manusmare, M.D. The amount of weight given a treating medical source opinion depends upon support for the opinion found in the record; its consistency with the record; and whether it rests upon conclusory statements. *Papesh v. Colvin*, 786 F.3d 1126, 1132 (8th Cir. 2015). An ALJ must give controlling weight to a treating medical source opinion if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence. *Id.* The opinion may be given "limited weight if it provides conclusory statements only, or is inconsistent with the record." *Id.* (citations omitted). The ALJ "may discount or even disregard the opinion . . . where other medical assessments are

supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Id.* (citation omitted).

Here, Dr. Manusmare opined the Plaintiff's ability do to the following tasks were markedly limited: maintain attention and concentration for extended periods of time; perform activities within a schedule; maintain regular attendance and be punctual; sustain an ordinary routine without special supervision; complete a normal workday without interruptions from psychologically based symptoms; and perform at a consistent pace without an unreasonable number and length of rest periods. R. at 304, 340. The ALJ noted that Dr. Manusmare's examination notes, as well as Plaintiff's activities of daily living, did not support her opinion. R. at 26, 28-30. Throughout the time that Dr. Manusmare treated Plaintiff, she noted that he dressed appropriately, had adequate hygiene and grooming, was alert and well-oriented, had logical goal-oriented thoughts, answered questions promptly, had normal speech rate and rhythm, had adequate concentration and attention, and had adequate recent and remote memory. R. at 271-72. 307, 310, 313, 316, 319, 321-22, 325-26, 329, 331, 335. Dr. Manusmare noted that Plaintiff took care of a mentally ill woman in exchange for room and board, where he did housework and laundry, went grocery shopping, attended church, kept his doctor's appointments, and utilized Medicaid transportation. *See Chismarich v. Berryhill*, 888 F.3d 978, 979 (8th Cir. 2018) (evidence that claimant performed housekeeping tasks, managed sale of family home, and negotiated with builders of new house supporting finding of not disabled). Dr. Manusmare also noted that Plaintiff appeared to overestimate his depression. R. at 318. Plaintiff also testified about his activities, which included: performing janitorial work for his church two days per week, attending church services and a divorce support group, shopping for food, and preparing meals. R. at 44-45, 54-65, 200-03. The ALJ's evaluation and consideration of Dr. Manusmare's opinion was not error. *See id.*; *Papesh*, 786 F.3d at 1132.

The ALJ also cited the opinion of Brandan Gremminger, Psy.D., who treated Plaintiff from August 2014 through December 2015. Dr. Gremminger's notes indicate that Plaintiff was alert and oriented, functionally intact, and interactive. R. at 350, 354, 357, 360, 371, 374, 377, 387, 390, 438, 442, 446. The notes also indicate that Plaintiff improved when he complied with treatment recommendations. R. at 374, 407-09, 426; *see Davidson v. Astrue*, 578 F.3d 838, 846 (8th Cir. 2009) ("Impairments that are controllable or amenable to treatment do not support a finding of disability.").

The ALJ presented a hypothetical question to a qualified vocational expert that reflected Plaintiff's age, education, work history, and RFC. R. at 70-71. A vocational expert's testimony to a properly formed hypothetical constitutes substantial evidence. *See Robson v. Astrue*, 526 F.3d 389, 392 (8th Cir. 2008). The vocational expert testified that that hypothetical individual could perform unskilled work existing in significant numbers in the national economy, such as hand packager and laundry worker. The ALJ properly concluded that the vocational expert's testimony was sufficient to satisfy the Commissioner's burden. *See Weiler v. Apfel*, 179 F.3d 1107, 1110-11 (8th Cir. 1999).

Substantial evidence supports the ALJ's evaluation of Dr. Mansumore's opinion and the ALJ's RFC.

**Conclusion**

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date: <u>  August 23, 2018  </u>        <u>  /s/ Greg Kays                              </u>
                  GREG KAYS, CHIEF JUDGE
                  UNITED STATES DISTRICT COURT